IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CASE NO: 3:07CV422-WHA |
| VS. | ) |
| | ) |
| MICHAEL GOSDIN and J.G., a minor | ) |
| | ) |
| DEFENDANTS. | ) |

**OBJECTION TO MOTION TO APPOINT NAMED ATTORNEY AS
GUARDIAN AD LITEM
AND
FOR APPOINTMENT OF PROPER GUARDIAN AD LITEM**

Comes now the plaintiff to the above styled action and respectfully shows unto the Court the following:

1. The above styled action was filed in this Court on May 15, 2006.

2. As part of the plaintiff's original Complaint, plaintiff requested that the Court appoint a Guardian ad Litem for the minor defendant, J.G. (Complaint, p. 3, pgph.b).

3. To date, the Court has not appointed a Guardian ad Litem for the minor defendant.

4. On November 29, 2007, a Notice of Appearance on behalf of the minor, J.G., was filed on behalf of attorney John Tinney, Esquire, of Roanoke, Alabama. (Doc. 12).

5. Also on November 29, 2007, John Tinney, Esquire filed a Motion asking that he be named as Guardian ad Litem for the minor defendant, J.G. (Doc. 13).

6. As part of his Motion to be named Guardian ad Litem, John Tinney, Esquire represented to the Court that "he is the attorney of record for J.G. in the underlying pending suit in Randolph County and would be in the best position to know all the facts in the case and serve the best interest of the minor J.G.". (Motion, Doc. 13, p. 1).

7. Said statement is false. John Tinney, Esquire is, in fact, the attorney for the person who filed a civil action against J.G., viz: Leslie Miller, as mother and next friend of J.M., who is a minor plaintiff in the underlying action. The interest of John Tinney is directly adverse to that of J.G. in the underlying lawsuit, and not aligned with the interest of J.G., as alleged by Mr. Tinney. (See: Exh. A to original Complaint).

8. To allow John Tinney to represent the plaintiff, J.M., in an action against J.G., while simultaneously representing J.G. in civil litigation directly connected to that same matter, not only presents a clear conflict of interest for Mr. Tinney, but jeopardizes the interest of J.G., from whom Mr. Tinney would be in a position to gain

knowledge which might assist him in his representation of the plaintiff who has filed an action seeking damages against J.G.

9.  Plaintiff further suggests to the Court that under Alabama law, it is improper for an attorney to suggest to the Court the appointment of any particular Guardian ad Litem, which rule should apply even more strictly to one's effort to have himself appointed.  (Rule 17(d), Ala. R. Civ. P.)

WHEREFORE, plaintiff respectfully moves the Court to refuse the appointment of John Tinney as Guardian ad Litem for the minor defendant, J.G.; to direct Mr. Tinney to withdraw his appearance in this action as attorney for J.G., since he is attorney for J.G.'s adversary in another pending action involving the same circumstances; and that the Court appoint some attorney-at-law, licensed to practice in the Middle District of Alabama, as Guardian ad Litem for the minor defendant, J.G.

<u>s/George P. Ford</u>
George P. Ford, Attorney for Plaintiff
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432
ASB#4179-066g

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court under the CM/ECF system which will send notification of such filing to the following:

Chad Lee, Esquire
P.O. Box 966
Wedowee, AL 36278

John Tinney, Esquire
P.O. Box 1430
Roanoke, AL 36274

On this the 30th day of November, 2007.

                                        s/George P. Ford
                                        Of Counsel