IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

COTTON STATES MUTUAL INSURANCE CO., )
)
Plaintiff, )
)
v. ) CASE NO. 3:07CV422-WHA
)
MICHAEL GOSDIN and J. G., a minor, )
)
Defendants, )

## BRIEF IN OPPOSITION
## TO MOTION FOR SUMMARY JUDGMENT

1. Summary judgment should not be granted when there are genuine issues of material fact. *Fed. R. Civ. P. 56*. The evidence of the non-movant is to to be believed and viewed in a light most favorable to him, and all reasonable inferences are to be drawn from that evidence. *Sammons v. Taylor*, 967 F. 2d 1533, 1538 (11th Cir. 1992).

2. Plaintiff Cotton States concedes that J.G., the minor in the underlying civil action, suffered "bodily injury" caused by an "occurrence". Cotton States contention is that neither Michael Gosdin nor J.G. is an "insured" under the insurance policy issued to Charles Gosdin, the named insured. Thus, the only question this court must determine is whether there is a genuine issue of material fact about whether Michael Gosdin or J.G., or both, qualify as an "insured" under Charles Gosdin's policy. An "insured" is defined by the policy itself. That policy states:

    3. **"INSURED"** means you and residents of your household who are:
        a. your relative; or
        b. other person under the age of 21 and in the care of any person named above.

3. Michael Gosdin is Charles Gosdin, the name insured's, son, and J.G., the minor, is Charles Gosdin's grandson. There is no question that they are "relatives", and plaintiff Cotton States does not allege that they are not relatives.

4. Charles Gosdin owns the mobile home and land on which it sits where both Michael Gosdin and J.G. live and reside. Therefore, there is at least a question of material fact as to whether Michael Gosdin and J.G. are residents of Charles Gosdin's household. Neither the term "resident" nor the term "household" is defined in the policy. As this court is well aware, insurance policies are construed against the drafter. In this case, the drafter is Cotton States, and the terms in the policy itself should be construed against plaintiff Cotton States and in favor of defendants Michael Gosdin and J.G.

5. The undisputed testimony is as follows:

    A. Charles Gosdin owns the home and real estate where Michael Gosdin and J.G. live.

    B. The terms "residents", "household", and "residents of your household" are not defined.

    C. Michael Gosdin and J.G. are the son and grandson of Charles Gosdin

    D. Michael Gosdin and J.G. live in a home owned by Charles Gosdin situated on land owned by Charles Gosdin.

5. There is at least substantial evidence that Michael Gosdin and J.G. both meet the definition of an "insured" under Charles Gosdin's policy. Because there is a genuine issue in material fact as to whether Michael Gosdin and J.G. are insureds as defined in the policy, summary judgment in favor of Cotton State's is not proper.

Defendants Michael Gosdin and J.G, a minor, respectfully request this court to deny the plaintiff Cotton State's Motion for Summary Judgment.

*Chad Lee*, Attorney for Defendants
P.O. Box 966
Wedowee, Alabama 36278
(256) 357-4800

## CERTIFICATE OF SERVICE

This is to certify that I, Chad Lee, attorney for Michael Gosdin and J.G., a minor, have served counsel for the opposing party with a copy of this document by depositing in the United States mail, with adequate postage prepaid and properly addressed to him, or by otherwise delivering by hand or facsimile.

George P. Ford
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, Alabama  35902

This the 10th day of March, 2008.

Chad Lee