IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COTTON STATES MUTUAL INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07CV422-WHA |
| ) | |
| MICHAEL GOSDIN and J. G., a minor, ) | |
| ) | |
| Defendants, ) | |

**RECEIVED**

2008 MAR 11 A 9: 38

...A P. HACKETT, CL..
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### DEFENDANTS' EVIDENTIARY SUBMISSIONS

Defendants Michael Gosdin and J.G. submit the following evidence in opposition to Cotton States' motion for summary judgment.

1. The policy of insurance, attached to the Complaint for Declaratory Judgment as Exhibit A in its entirety, the relevant portion of which is attached hereto as Exhibit 1.

2. The Deposition of Michael Gosdin, the relevant portion of which is attached hereto as Exhibit 2.

3. The Deposition of J.G., a minor, the relevant portion of which is attached hereto as Exhibit 3.

*[signature]*

Chad Lee, Attorney for Defendants
P.O. Box 966
Wedowee, Alabama 36278
(256) 357-4800

## CERTIFICATE OF SERVICE

This is to certify that I, Chad Lee, attorney for Michael Gosdin and J.G., a minor, have served counsel for the opposing party with a copy of this document by depositing in the United States mail, with adequate postage prepaid and properly addressed to him, or by otherwise delivering by hand or facsimile.

George P. Ford
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, Alabama  35902

This the 10th day of March, 2008.

_____
Chad Lee


244 Perimeter Center Parkway N.E.   Atlanta, Georgia 30346-2397
Mailing Address: P.O. Box 105303   Atlanta, Georgia 30348-5303
Phone: 770-391-8600

GEORGIA

Dekalb County

### AFFIDAVIT OF CUSTODIAL OFFICER

PERSONALLY APPEARED BEFORE ME the undersigned officer, lawfully authorized to administer oath and take acknowledgements, Deborah D'Ambra, who after being sworn deposes and says:

THAT: She is Manager of the Underwriting Department and as such officer has custody of the Company's records as they pertain to its policyholders.

FURTHER: That she has examined into the said records of the Company as they relate to application for policy number, AHO3355540, issued to CHARLES W GOSDIN, insured for the policy period 11/29/05 to 11/29/06.

FURTHER: That the attached is a correct copy thereof.

_Deborah D'Ambra_
Deborah D'Ambra
Underwriting Manager
Cotton States Mutual Insurance Company

Shield Insurance Company

Sworn and subscribed to before me
This ___ day of _____, 2007

_____
NOTARY PUBLIC

Exhibit 1

Cotton States
INSURANCE

AH03355540                    INSURED COPY                         10/31/2005
                         HOMEOWNERS POLICY
              RENEWAL DECLARATION * * EFFECTIVE 11/29/2005

THIS IS
NOT A BILL
INVOICE TO
FOLLOW

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| AH03355540 | 11/29/2005 to 11/29/2006 | COTTON STATES MUTUAL INS CO | 872 |

NAMED INSURED and ADDRESS                         AGENT

#BWNCNTT                              MORRISON INSURANCE AGENCY
#AH03355540872IR8#                    P O BOX 687
CHARLES W GOSDIN                      ROANOKE, AL 36274
9110 CO RD 258
ROANOKE, AL 36274

                                      PHONE: 334/863-2135

THE PREMISES COVERED BY THIS POLICY IS LOCATED AT THE ABOVE ADDRESS.

RATING INFORMATION- FRAME, CONSTRUCTED IN 1980, PRIMARY RESIDENCE,
   PROTECTION CLASS 09, TERRITORY 51, LESS THAN 500 FEET FROM HYDRANT,
   $1000 DEDUCTIBLE APPLIES PER OCCURRENCE 1 FAMILY, FIRE DISTRICT.

COVERAGE AT THE ABOVE DESCRIBED LOCATION IS PROVIDED ONLY WHERE A LIMIT OF
LIABILITY IS SHOWN OR A PREMIUM IS STATED

| SECTION I COVERAGE | LIMIT OF LIABILITY | PREMIUMS |
|---|---|---|
| A. DWELLING | $75,000 | $835.00 |
| B. OTHER STRUCTURES | $7,500 | |
| C. PERSONAL PROPERTY | $37,500 | |
| D. LOSS OF USE | $15,000 | |
| SECTION II COVERAGE | | |
| E. PERSONAL LIABILITY | $100,000 EACH OCCURRENCE | |
| F. MEDICAL PAY. TO OTHERS - | $1,000 EACH PERSON | |
| TOTAL BASIC PREMIUM - - - - - - - - - - - | | $835.00 |
| ADDITIONAL PREMIUMS | | |
| LOSS PREVENTION CREDIT CS-216 | | $33.00CR |
| TOTAL ADDITIONAL PREMIUMS - - - - - - - - - - - | | $33.00CR |
| TOTAL ANNUAL PREMIUM - - - - - - - - - - - - | | $802.00 |

POLICY PERIOD 12:01 A.M.  STANDARD TIME AT THE RESIDENCE PREMISES.

FORMS AND ENDORSEMENTS - HO-3 04/84, CSH-01 01/02, BP1051H 12/90, CS-216 01/90.

DESCRIPTION OF ADDITIONAL COVERAGES - - - - - - - - - - - - - - - - - - - - - -

   LOSS PREVENTION CREDITS
      SMOKE ALARM, DEAD BOLTS AND WOODSTOVE ADJUSTMENT APPLIES.
                         ---CONTINUE ON NEXT PAGE---



AH03355540    INSURED COPY    10/31/2005

HOMEOWNERS POLICY
RENEWAL DECLARATION * * EFFECTIVE 11/29/2005

THIS IS
NOT A BILL
INVOICE TO
FOLLOW

| POLICY NUMBER | POLICY PERIOD | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| AH03355540 | 11/29/2005 to 11/29/2006 | COTTON STATES MUTUAL INS CO | 872 |

NAMED INSURED and ADDRESS / AGENT

#BWNCNTT
#AH03355540872IR8#
CHARLES W GOSDIN
9110 CO RD 258
ROANOKE, AL 36274

MORRISON INSURANCE AGENCY
P O BOX 687
ROANOKE, AL 36274

PHONE: 334/863-2135

PS-267 04/1989

BY *Charles Roy Martin*
AUTHORIZED SIGNATURE

THANK YOU FOR LETTING US SERVE YOU

2

# Cotton States Mutual Insurance Company

A MUTUAL COMPANY    —    NONASSESSABLE POLICY



**Homeowners Policy**



INSURANCE

# Our Most Important Policy Is Trust.℠

**CONTINUOUS RENEWAL PLAN**

Subject to the consent of this company, and subject to the rates, rules and forms then in effect for this Company, this policy may be continued in force by payment of the required continuation premium for each successive policy term. Such continuation premium must be paid to the Company on or before the expiration of the then current policy term and if not so paid the policy shall terminate.

**MORTGAGEE PLEASE NOTE**

This is a continuous renewal policy. A current policy declaration need not be mailed to a mortgagee (or trustee) each renewal date due to the conditions set forth below:

YOUR INTEREST WILL BE PROTECTED. UNDER THE TERMS OF THIS POLICY, COTTON STATES MUTUAL INSURANCE COMPANY GUARANTEES YOU THAT YOUR INTEREST SHALL NOT TERMINATE UNTIL THE EXPIRATION OF AT LEAST A TEN (10) DAY NOTICE OF CANCELLATION, SUCH NOTICE BEING MAILED BY CERTIFICATE OF MAILING TO YOUR OFFICES.

THIS POLICY JACKET TOGETHER WITH HOMEOWNERS FORM, DECLARATIONS AND ENDORSEMENTS, IF ANY ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

Cotton States Mutual Insurance Company • 244 Perimeter Center Parkway N.E. • Atlanta, Georgia 30346

# YOUR HOMEOWNERS POLICY — QUICK REFERENCE

## DECLARATIONS PAGE

Your Name
Location of Your Residence
Policy Period
Coverages
Amounts of Insurance
Deductible

|  |  | Beginning On Page |  |  | Beginning On Page |
|---|---|---|---|---|---|
| SECTION I YOUR PROPERTY | AGREEMENT | 1 | SECTION II YOUR LIABILITY | COVERAGES<br>　Personal Liability<br>　Medical Payments to Others | 10 |
|  | DEFINITIONS | 1 |  |  |  |
|  | COVERAGES<br>　Property Coverages<br>　Loss of Use<br>　Additional Coverages<br>　　Debris Removal<br>　　Trees, Shrubs and Plants<br>　　Credit Card<br>　　Loss Assessment | 2 |  | EXCLUSIONS | 11 |
|  |  |  |  | ADDITIONAL COVERAGES<br>　Claim Expenses<br>　First Aid Expenses<br>　Damage to Property of Others<br>　Loss Assessment | 13 |
|  | PERILS INSURED AGAINST | 5 |  | CONDITIONS<br>　Limit of Liability<br>　Duties After Loss | 14 |
|  | EXCLUSIONS | 7 |  |  |  |
|  | CONDITIONS<br>　Insurable Interest<br>　Duties After Loss<br>　Loss Settlement<br>　Mortgage Clause | 8 | SECTION I and SECTION II | CONDITIONS<br>　Policy Period<br>　Cancellation<br>　Non-Renewal<br>　Automatic Termination | 15 |

IN WITNESS WHEREOF, this company has executed and attested these presents; but this policy shall not be valid unless countersigned by duly authorized Agent of this company at the agency hereinbefore mentioned.

*Paul M. Harmon*
Secretary

*Barbara A. Baurer*
President

**MUTUAL POLICY CONDITIONS (APPLICABLE TO COTTON STATES MUTUAL INSURANCE COMPANY)**

This policy is issued by a Mutual Company having special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, of which the following shall apply to and form a part of this policy.

This policy is nonassessable. The policyholder is a member of The Company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors of the Company in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

The Insured is hereby notified that by virtue of this policy, he is a member of Cotton States Mutual Insurance Company and is entitled to vote either in person or by proxy at any and all meetings of The Company. The annual meeting of the policyholders is held at the home office of the Company, 244 Perimeter Center Parkway, N.E., Atlanta, Georgia 30346-2397, on the first Tuesday after the fourth Monday of April each year at 10:30 a.m., Atlanta time.

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. **"bodily injury"** means bodily harm, sickness or disease, including required care, loss of services and death that results.

2. **"business"** includes trade, profession or occupation.

3. **"insured"** means you and residents of your household who are:
   a. your relatives; or
   b. other persons under the age of 21 and in the care of any person named above.

   Under Section II, **"insured"** also means:

   c. with respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person included in 3a or 3b above. A person or organization using or having custody of these animals or watercraft in the course of any **business** or without consent of the owner is not an **insured**;

   d. with respect to any vehicle to which this policy applies:
   (1) persons while engaged in your employ or that of any person included in 3a or 3b above; or
   (2) other persons using the vehicle on an **insured location** with your consent.

4. **"insured location"** means:
   a. the **residence premises**;
   b. the part of other premises, other structures and grounds used by you as a residence and:
   (1) which is shown in the Declarations; or
   (2) which is acquired by you during the policy period for your use as a residence;
   c. any premises used by you in connection with a premises in 4a or 4b above;
   d. any part of a premises:
   (1) not owned by an **insured**; and
   (2) where an **insured** is temporarily residing;
   e. vacant land, other than farm land, owned by or rented to an **insured**;
   f. land owned by or rented to an **insured** on which a one or two family dwelling is being built as a residence for an **insured**;
   g. individual or family cemetery plots or burial vaults of an **insured**; or
   h. any part of a premises occasionally rented to an **insured** for other than **business** use.

5. **"occurrence"** means an accident, including exposure to conditions, which results, during the policy period, in:
   a. **bodily injury**; or
   b. **property damage.**

6. **"property damage"** means physical injury to, destruction of, or loss of use of tangible property.

7. **"residence employee"** means:
   a. an employee of an **insured** whose duties are related to the maintenance or use of the **residence premises,** including household or domestic services; or
   b. one who performs similar duties elsewhere not related to the **business** of an **insured.**

### 12. Mortgage Clause

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If the policy is cancelled or not renewed by us, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee for any loss and deny payment to you:

a. we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt. Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

### 13. No Benefit to Bailee.
We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

### 14. Nuclear Hazard Clause.

a. "Nuclear Hazard" means any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

b. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against in Section I.

c. This policy does not apply under Section I to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

### 15. Recovered Property.
If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted based on the amount you received for the recovered property.

### 16. Volcanic Eruption Period.
One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

## SECTION II – LIABILITY COVERAGES

### COVERAGE E – Personal Liability

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.

### COVERAGE F – Medical Payments To Others

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing **bodily injury**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except **residence employees**. As to others, this coverage applies only:

1. to a person on the **insured location** with the permission of an **insured**; or

# FREEDOM COURT REPORTING

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

CASE NUMBER: 3:07CV422-WHA

COTTON STATES MUTUAL INS. COMPANY,

    Plaintiff,

vs.

MICHAEL GOSDIN and J.G., a minor,

    Defendants.

DEPOSITION OF MICHAEL GOSDIN

S T I P U L A T I O N S

    IT IS STIPULATED AND AGREED by and between the parties through their respective counsel, that the deposition of MICHAEL GOSDIN may be taken before ELIZABETH LAW, Commissioner, at 11 Main Street South, Wedowee, Alabama, on the 24th day of January 2008.

    IT IS FURTHER STIPULATED

Exhibit 2

www.freedomreporting.com
1-877-373-3660

# FREEDOM COURT REPORTING 8

```
 1  the custody?
 2       A.    No, it was an agreement that
 3  -- well, actually, she -- his mom lived
 4  with me.  She moved out, and he stayed.
 5       Q.    Oh, I see.  Thank you.  That
 6  helps me.
 7       A.    Okay.
 8       Q.    Where do you work?
 9       A.    City of LaGrange.
10       Q.    How long have you worked
11  there?
12       A.    Two years seven months.
13       Q.    All right.  What do you do
14  over there?
15       A.    I work with the landscaping
16  department.
17       Q.    For the City?
18       A.    Yes, sir.
19       Q.    What's the extent of your
20  education?
21       A.    Graduated high school.
22       Q.    Okay.  Before you moved to
23  this -- first of all, who owns the
```

# FREEDOM COURT REPORTING         9

```
 1   mobile home?
 2        A.    It's my dad's.
 3        Q.    Charles Gosdin?
 4        A.    Right.
 5        Q.    Did he buy it when you moved
 6   onto the property, or was it already
 7   there or what?
 8        A.    No.  When he got his cancer,
 9   I actually bought it and moved it there
10   and sold it to him.
11        Q.    Oh, I see.  It was yours,
12   and you sold it to him?
13        A.    Right.
14        Q.    Do you pay him any rent or
15   anything for that?
16        A.    No, sir.  I actually --
17   well, actually, I do.  I pay the note --
18   the bank note for it.
19        Q.    I see.  The mobile home has
20   a lien on it?
21        A.    Right.
22        Q.    And you pay the note?
23        A.    Right.
```

# FREEDOM COURT REPORTING

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

CASE NUMBER: 3:07CV422-WHA

COTTON STATES MUTUAL INS. COMPANY,

    Plaintiff,

vs.

MICHAEL GOSDIN and J.G., a minor,

    Defendants.

DEPOSITION OF J.G.

S T I P U L A T I O N S

    IT IS STIPULATED AND AGREED by and between the parties through their respective counsel, that the deposition of J.G. may be taken before ELIZABETH LAW, Commissioner, at 11 Main Street South, Wedowee, Alabama, on the 24th day of January 2008.

    IT IS FURTHER STIPULATED



www.freedomreporting.com
1-877-373-3660

# FREEDOM COURT REPORTING 14

```
 1  grandmother and grandfather have been
 2  divorced?
 3          A.    15 -- 14 years.
 4          Q.    14 or 15 years.  And where
 5  did she live before she moved in with
 6  y'all?
 7          A.    Her son -- her other son.
 8          Q.    Is that here in Randolph
 9  County?
10          A.    No.  He lives in Roanoke.
11          Q.    Thank you.  Do you know who
12  owns the property where the trailer
13  sits?
14          A.    Oh, my grandpa.
15          Q.    And I guess he owns the
16  property there where his home is?
17          A.    Yes, sir.
18          Q.    There's no property
19  separating the two, is there?  Nobody
20  lives between --
21          A.    No, sir.
22          Q.    -- there?  Okay.  About the
23  property that -- where this accident
```